UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00281-JST (RNBx)            Date: April 8, 2013
Title: Michael Zaldivar v. Jayco Capital Group, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

       Plaintiff Michael Zaldivar alleges federal subject-matter jurisdiction on the basis of federal-question jurisdiction under 28 U.S.C. § 1331. (Compl. ¶ 1, Doc. 1.) Federal subject-matter jurisdiction is established by the presence of an action arising under federal law. *See* 28 U.S.C. § 1331. The determination as to whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

       Here, none of Plaintiff's claims arise under federal law, so federal-question jurisdiction is not met. Plaintiff asserts four state law claims: (1) setting aside trustee's sale; (2) wrongful foreclosure; (3) fraud; and (4) cancellation of instruments. None of these claims arise under federal law. Plaintiff also asserts jurisdiction based on 28 U.S.C. § 2201, but the Declaratory Judgment Act is not an independent basis for federal subject-matter jurisdiction. *See Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (holding that the Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court). Plaintiff further asserts jurisdiction based on 28 U.S.C. § 2203, but this section is "[r]eserved for future legislation," and therefore does not provide a basis for subject-matter jurisdiction.

       Therefore, Plaintiff has failed to allege a basis for federal subject-matter jurisdiction. Accordingly, the Court orders Plaintiff to show cause why this Court should not dismiss the case for lack of subject-matter jurisdiction. Plaintiff shall submit a written response no later than **April 29, 2013**. Failure to timely respond will result in immediate dismissal of this action.

                                                                                     Initials of Preparer: tg